UNITED STATES BANKRUPTCY COURT          NOT FOR PUBLICATION
WESTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
In re

                                             OPINION AND ORDER

     Amie L. Burkley
     Matthew L. Burkley                      Case No. 12-11978 K

                             Debtors
-----------------------------------------------------------------

      On June 26, 2012, this Court entered two Orders in connection with the Debtors'

application for waiver of the Chapter 7 filing fee.  One of the Orders set the matter down for

hearing at 10:00 a.m. July 11, 2012.  On July 10, 2012, the Court received an unsworn

"explanation" purportedly from Amie Burkley, which also appended a revised answer to the first

question on the Statement of Financial Affairs, and a revised Schedule A.

      The Debtors did not appear before the Court on July 11.  Attorney Brendan Hand

appeared in case either the Debtors or the Court required his assistance.

      The Court took the matter under submission.

      The following constitutes the Court's decision regarding the application to waive

the Chapter 7 filing fee.

      First, the Debtors' letter states that the Debtors do not know why they had to file a

new case rather than simply converting their prior Chapter 13 case to a Chapter 7.  The answer to

that question is this:  When Mr. Hand's Motion to Convert the case from Chapter 13 to 7 was

presented to this Court, it was pointed out to him that the Debtors could not receive a Chapter 7

discharge if their prior Chapter 13 case were converted to Chapter 7, because they received a

Chapter 7 discharge in an earlier case that was filed less than eight years before their Chapter 13

case was filed.  Filing a new case would be outside the eight year limitation and would enable

them to receive a Chapter 7 discharge. Consequently, he withdrew the request to convert the

Chapter 13 case to Chapter 7.

Second, the Debtors' letter asks "Why are we refiling at all? Why were we

dismissed in the first place?". Attached is a copy of a letter from Mr. Hand to the Office of the

Bankruptcy Court Clerk dated June 12, 2012, which the Debtors signed, requesting dismissal of

the Chapter 13 so that they could re-file in a Chapter 7.

Third, until providing an amended Schedule A along with the letter received on

July 10, 2012, no mention was made in anything submitted to this Court either in the Chapter 13

case or the present Chapter 7 case of the fact that the Debtors own the real property at 7360

Goodrich Road, Clarence Center, New York. The only real estate that the Debtors have claimed

to own is property in West Seneca that is in foreclosure. It appears that they somehow acquired

the Clarence Center property while their Chapter 13 case was pending. In their most recent

submission they assert that the property has a value of $160,000 and that there is a mortgage of

$159,000 against it. There is no explanation as to how the Debtors acquired the property and

incurred the mortgage loan while their Chapter 13 case was pending, without the permission of

the Chapter 13 Trustee.

All of that said, the Debtors appear to be eligible for fee waiver if it is true that

their gross family income is approximately $54,000 per year, because after deducting income

taxes and health insurance, their net income appears to be less than $44,985, which amount is

150% of HHS Poverty Guidelines for a family of six.

Consequently, the Court will waive the filing fee except for the portion of the fee

to be disbursed to the case trustee.  The Debtors must pay to the Clerk of Court $60 on or before

August 10, 2012.

SO ORDERED.

Dated:          Buffalo, New York
                July 16, 2012

                                                s/Michael J. Kaplan
                                  _____
                                                U.S.B.J.